**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WENJIE XIE,               )
                      )
          Plaintiff,     )
                      )
v.                   )     2:25-cv-00265
                      )
GUANHE HOME ESSENTIALS, et al.,  )
                      )
          Defendants.   )
                      )

## <u>OPINION</u>

**Mark R. Hornak, Chief United States District Judge**

Plaintiff Wenjie Xie—a Chinese national—brings this copyright infringement action against scores of Defendants—as far as either the Court and Plaintiff can tell, also all Chinese nationals—alleging that the Defendants infringed on her copyrights. (ECF No. 2 ¶¶ 4, 21). According to Plaintiff, Plaintiff created and sold her original butterfly paintings out of her studio in Shenzhen, China. (ECF No. 2 ¶¶ 4, 6). She says that sales of these paintings were "fantastic" until the Defendants started selling knockoffs on online platforms (e.g., Amazon, Temu, Shein, and eBay). (ECF No. 2 ¶¶ 9-15).

Along with the Complaint, Plaintiff requested a temporary restraining order. The Court issued a temporary restraining order on March 4, 2025, (ECF No. 10), and extended the restraining order for another fourteen days on March 17, 2025, (ECF No. 17). On March 28, 2025, the Court held a hearing for the Defendants to show cause why a preliminary injunction should not issue. (ECF No. 42). Counsel for eight Defendants appeared and opposed the entry of a preliminary injunction, at least as to their clients. (ECF No. 42). They opposed the grant of such relief on various grounds and also challenged this Court's exercise of personal jurisdiction over them.

1

Scores other Defendants have not appeared either in person or by counsel, nor has the Court seen any indication that they are actively engaged, yet, in the litigation of this action.

Based on the record now before it, the Court concludes that Plaintiff has demonstrated that she is entitled to a preliminary injunction against the following Defendants, only: GUANHE Home essentials, TOPRenddon, IBaodan, YueJiHao, Katrer Co. Ltd, Rita's Gift Shop, Collecting Is Fun 2, Laiying Crafts, Awesome Selection - Dream back department, JT Print custom shop, Heydday, khvru, Zengyong, Chenqiufeng, Yanhecun, Tyuong, Yoland, Shangdao, NJHYcx, LWiuei, NOEGOEU, JINCHANG, iuryce, GuangZhou xiangbeiankejiyouxiangongsi, GuangZhou qianjunzhenkejiyouxiangongsi, Airuite, Slwgood, YaJaBHfuzh, https://diarywell.com/, ZHISHENGDIANZI, Pinkinahy,        https://shop.allthekewtstickers.com/, https://evoosense.com/, SDLTZ, Ahua Art Deco B, Elysiumm, Huazai Decorative Art A, peng peng clothes, Interesting product, Unique People, New Vintage Studio, CHICIRIS, https://mammamiajwl.com/, https://www.threefleas.com/, and https://jewelrydecorner.com/.

## I.    Legal Standard

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.,* 290 F.3d 578, 586 (3d Cir. 2002)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

II.    **Discussion**[1]

A.    **Likelihood of Success on the Merits**

"On this factor, a sufficient degree of success for a strong showing exists if there is a reasonable chance or probability[] of winning." *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 251, 256 (3d Cir. 2020).

1.    **Personal Jurisdiction**

Where a defendant challenges the Court's personal jurisdiction over him or her at the preliminary injunction stage, "the plaintiff is required to adequately establish that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits." *Indus. Elecs. Corp. v. Cline*, 330 F.2d 480, 482 (3d Cir. 1964). Because Plaintiff will ultimately have to establish personal jurisdiction by a preponderance of the evidence, *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012), the precise question before the Court now is whether Plaintiff has established "a reasonable probability" that she will be able to establish personal jurisdiction by a preponderance of the evidence.

Federal Rule of Civil Procedure 4(k)(1) provides that service of process creates personal jurisdiction over a defendant so long as that defendant is subject to the jurisdiction of a "court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute authorizes the Commonwealth's courts to exercise personal jurisdiction over nonresident defendants as far as the Fourteenth Amendment permits. *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). Under the Due Process

---

[1] To the extent that they are stated by the Court as findings/conclusions of the Court (as opposed to recitations of the allegations of the Complaint), the matters set out in this Opinion constitute the Court's findings of fact and conclusions of law for purposes of Fed. R. Civ. P. 52(a)(2).

Clause of the Fourteenth Amendment, a state court may exercise personal jurisdiction over a defendant if (1) the defendant has minimum contacts with the forum state (i.e., the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum state"), (2) the suit relates to or arises out of those in-forum activities, and (3) the exercise of jurisdiction "'comports with traditional notions of fair play and substantial justice,' *i.e.*, the defendant 'should reasonably anticipate being ha[i]led into court' in that forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451-52 (3d Cir. 2003) (internal citations omitted).

In the context of e-commerce, "the mere operation of a commercially interactive web site"—even if accessible in the relevant forum—is insufficient to establish minimum contacts and therefore personal jurisdiction. *Id.* at 454. "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id.*[2]

Where a plaintiff's claim arises under federal law, as Plaintiff's copyright claims do here, Rule 4(k)(2) provides an alternative basis for personal jurisdiction. Under that subsection, service of process establishes personal jurisdiction over a defendant in federal court so long as there is "(1) a claim arising under federal law; (2) the defendant [is] beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant [has] sufficient contacts with the United States so that the court's exercise of personal jurisdiction over the defendant comports with the

---

[2] In *Toys "R" Us*, the Court concluded that there was insufficient evidence of "purposeful availment" because the websites in question, "while commercial and interactive, [did] not appear to have been designed or intended to reach customers in New Jersey." *Id.* The websites in question were "entirely in Spanish; prices for its merchandise [were] in pesetas or Euros, and merchandise [could] be shipped only to addresses within Spain." *Id.* "Most important," according to the Court "none of the portions of Step Two's web sites [were] designed to accommodate addresses within the United States." *Id.*

due process requirements of the Constitution or other federal law." *Saudi v. Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 455 (3d Cir. 2004) (not precedential). The "minimum contacts" analysis under the third prong of this test is the same as a standard personal jurisdiction analysis, except that the relevant forum is the United States as a whole. *Id.*

For the purposes of addressing personal jurisdiction in this case as to the pending request for a preliminary injunction, there are three relevant categories of Defendants: (1) Defendants who have not participated in the proceedings (the "Absent Defendants");[3] (2) Defendants who have participated in the proceedings and have sold the alleged infringing products in the United States (the "Sale Defendants");[4] and (3) Defendants who have participated in the proceedings but have not sold any of the alleged infringing products, at least not into the United States (the "No Sale Defendants").[5] The Court will address each in turn.

---

[3] The Absent Defendants are GUANHE Home essentials, TOPRenddon, IBaodan, YueJiHao, Guangzhoukangzhangjinmaoyiyouxiangongsi, Katrer Co. Ltd, Rita's Gift Shop, Collecting Is Fun 2, xin yue S, Laiying Crafts, Awesome Selection - Dream back department, JT Print custom shop, Heydday, khvru. Zengyong, Chenqiufeng, Yanhecun, Tyuong, Yoland, Shangdao, NJHYcx, LWiuei, NOEGOEU, JINCHANG, iuryce, GuangZhou xiangbeiankejiyouxiangongsi, GuangZhou qianjunzhenkejiyouxiangongsi, Airuite, slwgood, YaJaBHfuzh, Lunalux, infeel.me, YWHY, https://diarywell.com/, https://ninisthings.com.au/, https://auriicleaf.com/, GINCEVHY, Moily Home, MuMu Fashion Stationery, SIMHOME, Pretty Woman Home daily life, Sherry Integrity Shop, ZHISHENGDIANZI, Pinkinahy, the moon my, https://shop.allthekewtstickers.com/, OceanusBaram, https://www.nekonozakka.com/, https://evoosense.com/, SDLTZ, Automobile supplies acrylic fu, Kingbay, XueQinQin, Wentun, WISH LEX, YAYAo, JINTIANCHENG, Huzhiming, Zan er, YWfuyang, Ahua Art Deco B, Elysiumm, Huazai Decorative Art A, peng peng clothes, Interesting product, Unique People, New Vintage Studio, JKCODE TATTOO, Sparkle Delight, welcome_to_here2014 shop, https://mammamiajwl.com/, https://www.eternitystu.com/, https://www.threefleas.com/, and https://jewelrydecorner.com/.

[4] The Sale Defendants are mrpaper, Mo Yan International, and Chuxvif-US.

[5] The No Sale Defendants are CHICIRIS, hongculier-US, Oumij1, and zhi jing dians.

### i.     The Absent Defendants

The Court concludes that Plaintiff has established a "reasonable probability of ultimate success upon the question of [personal] jurisdiction" over the Absent Defendants. *Indus. Elecs. Corp.*, 330 F.2d at 482. In the Complaint, Plaintiff pleads on information and belief that Defendants "sell and ship Infringing Products to the United States, including Pennsylvania." (ECF No. 2 ¶¶ 39, 43-44). The Court has no basis to disbelieve Plaintiff's allegations with respect to the Absent Defendants, and none has been advanced to the Court. The maintenance of an interactive commercial website—with product listings in English and with prices in U.S. Dollars—along with actual sales of alleged infringing products into Pennsylvania is sufficient to establish minimum contacts with Pennsylvania. *See e.g.*, *BGSD, Inc. v. SpazeUp, LLC*, No. 5:23-CV-4855, 2024 WL 1619279, at *3 (E.D. Pa. Apr. 15, 2024). Further, the present suit relates to the Absent Defendants' contacts with Pennsylvania. Plaintiff alleges that the Defendants have infringed upon Plaintiff's copyrights, and the Absent Defendants contacts with Pennsylvania are the shipment and sale of alleged infringing products. And finally, given that Plaintiff has established minimum contacts via what she has put on the record so far, the burden shifts to the Absent Defendants to demonstrate that it would be unreasonable to exercise personal jurisdiction over them in the circumstances. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1227 (3d Cir. 1992). Given their nonparticipation to date, the Absent Defendants have failed to carry their burden.[6]

---

[6] The Court's conclusion that Plaintiff has adequately established personal jurisdiction over the Absent Defendants is preliminary and based on the record as it currently exists. Ordinarily, the Court addresses its personal jurisdiction over a defendant only if the defendant has raised a jurisdictional challenge. *See, e.g.*, *Zangara v. Nat'l Bd. of Med. Examiners*, No. CV 22-1559, 2023 WL 2868223, at *4 (D.N.J. Apr. 6, 2023); *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). In the absence of such a challenge, the Court generally "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (not precedential). These general rules guide the Court's decision at this stage.

ii.    **The Sale Defendants**[7]

The Court concludes that Plaintiff has not established a "reasonable probability of ultimate success upon the question of [personal] jurisdiction" over the Sale Defendants. *Indus. Elecs. Corp.*, 330 F.2d at 482. Because those Defendants have controverted the allegations of the Complaint with appropriate filings of record, the personal jurisdiction analysis as to them is different than that applicable to the Absent Defendants, as the Court must now consider matters that go beyond the assertions in the Complaint.

Plaintiff has failed to demonstrate that it is reasonably likely that the Sale Defendants are subject to the Court's jurisdiction under Rule 4(k)(1) because Plaintiff has not established that the Sale Defendants had sufficient contacts with the Commonwealth of Pennsylvania. Contrary to Plaintiff's contentions, (ECF No. 57 at 6-8; ECF No. 58 at 5-8), the operation of an online storefront from which Pennsylvania residents can make purchases if they so choose—standing alone—is insufficient to establish minimum contacts with Pennsylvania. *See, e.g.*, *Toys "R" Us, Inc.*, 318 F.3d at 452 ("[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world."); *BGSD, Inc. v. SPAZEUP, LLC*, No. 5:23-CV-4855, 2024 WL 688665, at *3-4 (E.D. Pa. Feb. 20, 2024) (finding no personal jurisdiction over online seller based on maintenance of interactive commercial website and use of an Amazon

---

A different rule will apply if the Court is asked enter default judgment. Prior to entering a default judgment, the Court would have to make a "threshold determination" that it has personal jurisdiction over the Absent Defendants. *Id.* To this end, if Plaintiff were to move for default judgment, the Court would hold an evidentiary hearing or otherwise require Plaintiff to develop an appropriate evidentiary record from which the Court could be assured of the validity of its judgment, which includes confirmation of personal jurisdiction. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008) ("A judgment is void . . . if the court that rendered it lacked personal jurisdiction over the defendant.").

[7] The Sale Defendants are mrpaper, Mo Yan International, and Chuxvif-US.

storefront absent evidence of actual sales in forum state); *Flipside Wallets LLC v. Brafman Grp. Inc.*, No. CV 19-5356, 2020 WL 1330742, at *3 (E.D. Pa. Mar. 19, 2020) (concluding that use of Amazon storefront "does not satisfy the 'purposeful availment' standard as required by *Toys "R" Us*."); *Guidecraft, Inc. v. OJCommerce, LLC*, No. 2:18-CV-01247, 2019 WL 2373440, at *5-6 (W.D. Pa. May 20, 2019), *report and recommendation adopted*, No. 2:18-CV-01247-LPL, 2019 WL 2371645 (W.D. Pa. June 5, 2019) (concluding use of Amazon storefront is insufficient).

Rather, to establish "purposeful availment," Plaintiff must provide that evidence that the Sale Defendants "directly target[ed]" Pennsylvania consumers, that they "knowingly interact[ed]" with Pennsylvania residents, or that they had "sufficient other related" with Pennsylvania. *Toys "R" Us, Inc.*, 318 F.3d at 452.

Plaintiff has done none of the above. First, Plaintiff has offered no evidence that the Sale Defendants have done anything to "directly target" Pennsylvania customers. Second, Plaintiff has offered no evidence of any interaction between the Sale Defendants and Pennsylvania customers. Though Plaintiff pleads on information and belief that the Sale Defendants sold and shipped products to Pennsylvania, (ECF No. 2 ¶¶ 43-44), the affidavits and documentary evidence now before the Court demonstrate that this is not so. According to that evidence, which is uncontroverted by Plaintiff, the Sale Defendants have not made any sales of the alleged infringing product in or into Pennsylvania. (ECF No. 46; ECF No. 48; ECF No. 53 ¶ 9).[8] And third, aside

---

[8] To the extent that Plaintiff argues that the Court has personal jurisdiction over the Sale Defendants because of their sales of other products in Pennsylvania, the Court rejects this argument. The present copyright infringement suit does not arise out of or relate to the sale of other goods in Pennsylvania. *See Round Rock Rsch. LLC v. ASUSTeK Computer Inc.*, 967 F. Supp. 2d 969, 975 (D. Del. 2013) ("I do not accept that Plaintiff can show personal jurisdiction by accusing one product in the complaint and asserting jurisdiction based on a product not named in the complaint.").

from Plaintiff Counsel's admission into the Bar of this Court, neither Plaintiff nor any of the Sale Defendants appear to have any connection or contact with the Commonwealth of Pennsylvania.

Plaintiff has also failed to demonstrate that it is reasonably likely that the Sale Defendants are subject to the Court's jurisdiction under Rule 4(k)(2). To establish personal jurisdiction under Rule 4(k)(2), "the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction." *Saudi*, 114 F. App'x at 455. Some courts require a defendant resisting jurisdiction under Rule 4(k)(2) to identify a state in which it would be subject to personal jurisdiction. *See, e.g.*, *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1294 (Fed. Cir. 2012).

Admittedly, the Sale Defendants have not done so. But given that we are at the preliminary injunction stage, the question is not what the Parties have *actually* established, but rather what the Parties are *reasonably likely* to establish. Based on the evidence before it, the Court concludes that it is likely that the Sale Defendants will identify states—other than Pennsylvania—in which they would be subject to personal jurisdiction. According to the Parties' affidavits, Defendant mrpaper has made fourteen sales of the alleged infringing product, (ECF No. 57-1); Mo Yan International has made three such sales, (ECF No. 57-1); and Chuxvif-US has made two such sales—one in California and one in Georgia. (ECF No. 53 ¶¶ 9-11; ECF No. 58-1). So while it does not appear that the Sale Defendants have sold the alleged infringing products in or into Pennsylvania, it does appear that they have done so into other states, and the Sale Defendants are likely subject to personal jurisdiction in at least one of these states. *See BGSD, Inc. v. SpazeUp, LLC*, No. 5:23-CV-4855, 2024 WL 1619279, at *3 (E.D. Pa. Apr. 15, 2024). Therefore, Plaintiff has failed to adequately establish Rule 4(k)(2) establishes personal jurisdiction over the Sale Defendants.

### iii.    The No Sale Defendants[9]

The Court concludes that Plaintiff has established a "reasonable probability of ultimate success upon the question of [personal] jurisdiction" over three of the four No Sale Defendants. *Indus. Elecs. Corp.*, 330 F.2d at 482.

As with the Sale Defendants, Plaintiff has not demonstrated that the No Sale Defendants had sufficient contacts with the Commonwealth of Pennsylvania. Plaintiff has not demonstrated that the No Sale Defendants "directly target[ed]" Pennsylvania consumers, that they "knowingly interact[ed]" with Pennsylvania residents, or that they had "sufficient other related" with Pennsylvania. *Toys "R" Us, Inc.*, 318 F.3d at 454. Though Plaintiff pleads that the No Sale Defendants sold to Pennsylvania consumers, the evidence now in the record suggests otherwise. According to the No Sale Defendants' affidavits and accompanying evidence, as well as Plaintiff's Counsel's affidavit, none of the No Sale Defendants have made any sales of the alleged infringing product in Pennsylvania or elsewhere in the United States for that matter. (ECF No. 52 ¶¶ 9-10; ECF No. 54 ¶¶ 9-10; ECF No. 55 ¶¶ 9-10; ECF No. 57-1 ¶ 3).

Plaintiff has, however, established a "reasonable probability" that three of the No Sale Defendants are subject to personal jurisdiction pursuant to Rule 4(k)(2). First, there is no question that the Plaintiff's copyright claims arise under federal law. (ECF No. 2 ¶ 42 ("This is an action for infringement of the Copyrights-in-Suit arising under 17 U.S.C. §501.")). Second, the No Sale Defendants have not identified another state in which they would be subject to personal jurisdiction, and unlike with the Sale Defendants, the Court has no basis to conclude that the No Sale Defendants can do so. The No Sale Defendants are based in and operated out of China. They

---

[9] The No Sale Defendants are CHICIRIS, hongculier-US, Oumij1, and zhi jing dians.

have not sold the allegedly infringing product to consumers in any state, and nothing in the record suggests that they have had "other sufficient contacts" with any one state.

And third, Defendants CHICIRIS, hongculier-US, and Oumij1 have sufficient contacts with the United States so that asserting jurisdiction over them comports with due process. By operating stores on Amazon, these three Defendants "directly target[ed]" the U.S. market for their infringing conduct. *Toys "R" Us, Inc.*, 318 F.3d at 452. Unlike the website at issue in *Toys "R" Us*, these three Defendants' online storefronts were "intended to reach customers in [the United States]." *Id.* The product descriptions are in English; the prices are in dollars; and products can be shipped to the United States. (*See* ECF No. 24-5 at 183, 233, 240). Moreover, at the top of the Amazon Seller for each of these three Defendants, the Defendant's name is followed by "United States," (ECF No. 52-2 at 2; ECF No. 54-2 at 2; ECF No. 55-2 at 2), and Defendant hongculier-US even has "US" in its name. Based on this, the Court can conclude that Defendants CHICIRIS, hongculier-US, and Oumij1 had minimum contacts with the United States. Moreover, the instant lawsuit relates to these Defendants' contacts with the United States (i.e., marketing and offering for sale the alleged infringing products).

Because Plaintiff has established minimum contacts and a nexus between the present suit and those contacts, the burden then shifts to the Defendants to establish that exercising jurisdiction over them would be fundamentally unfair. *Mellon Bank*, 960 F.2d at 1227. These three Defendants did not address this issue in their briefing. (*See* ECF No. 37 3-4; ECF No. 51). The Defendants' silence notwithstanding, the Court conducted an independent examination of the issue, and based on this examination, it does not appear that exercising such personal jurisdiction over them as to this action would be "fundamentally unfair."

The Court cannot reach the same conclusion with respect to Defendant zhi jing dians. Based on the record before it, the Court cannot conclude that Defendant zhi jing dians's use of TEMU was "directly targeting" the United States. *Toys "R" Us, Inc.*, 318 F.3d at 454. As far as the Court can tell, TEMU has global reach, and nothing in the record demonstrates that Defendant zhi jing dians was "aiming" its marketing of the alleged infringing product at the United States, as opposed to any of the other countries where TEMU operates. Given that it made no sales of the infringing product, nothing in the record indicates that Defendant zhi jing dians "knowingly interact[ed]" with U.S. consumers or that it had "sufficient other related" with the United States.[10] *Toys "R" Us, Inc.*, 318 F.3d at 454.

In sum, Plaintiff has established a "reasonable probability" that the Court has personal jurisdiction over the Absent Defendants and Defendants CHICIRIS, hongculier-US, and Oumij1, but Plaintiff has not adequately established that the Court has personal jurisdiction over Defendants mrpaper, Mo Yan International, Chuxvif-US, or Zhi Jing Dians.[11]

---

[10] To the extent that Plaintiff argues that the Court has personal jurisdiction over Defendant zhi jing dians because of their sales of other products in the United States, the Court rejects this argument because the instant lawsuit does not arise out of or relate to the sale of other goods in the United States. *See Round Rock Rsch. LLC*, 967 F. Supp. 2d at 975.

[11] As with its conclusion regarding the Absent Defendants, the Court's conclusions regarding the likely existence (or absence) of personal jurisdiction over the Sale and No Sale Defendants are preliminary and based on the record as it currently exists. Three Defendants (mrpaper, Mo Yan International, and zhi jing dians) have filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 45). This Opinion does not decide those Defendants' Motion, which will be resolved applying the well-established standards for Rule 12(b)(2) motions to dismiss. If other Defendants move to dismiss the Complaint on jurisdictional grounds, the Court will likewise consider such motions on the same terms and in due course. The resolution of those matters under those standards is yet to come and such could obligate the Court to revisit its conclusions in those regards as set out here.

### 2.    Copyright Infringement

"To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work. Copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) (internal quotations and citations omitted).

### i.    Ownership and Validity

The Court concludes that Plaintiff is likely to successfully establish ownership of a valid copyright. "Certificates of registration issued by the U.S. Copyright Office constitute *prima facie* evidence of the validity and ownership of the material." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 290-91 (3d Cir. 1991).

Here, Plaintiff has submitted certificates of registration for all six copyrights at issue. (ECF No. 2-4). Plaintiff and Plaintiff's Counsel have each submitted sworn statements that the certificates of registration are authentic and that the works appended to them are true and correct copies of the works associated with these certificates of registration. (ECF No. 4-1 ¶ 5; ECF No. 4-2 ¶ 2; ECF No. 57-2 ¶ 2; ECF No. 58-2 ¶ 2). Defendants have speculated that the appended works might not be what was actually deposited with the Copyright Office, but they have provided no evidence that casts doubt on the validity of the certificates. In light of Plaintiff's uncontroverted sworn statements, Plaintiff has successfully established a prima facie case of ownership and validity.[12]

---

[12] Defendants mrpaper, Mo Yan International and Zhi Jing Dians also appear to contest validity of the copyright on the grounds a natural insect is not copyrightable and scenes-a-faire are not protectable under copyright laws. (*See* ECF No. 36 4-5). While both of those things are true, they do not affect the validity of Plaintiff's copyright of her specific graphical depictions of a butterfly. *See Silvertop Assocs. Inc. v. Kangaroo Mfg. Inc.*, 931 F.3d 215, 219 (3d Cir. 2019) ("Copyrightable

ii.      **Unauthorized Copying**

The Court also concludes that Plaintiff is likely to establish "unauthorized copying" as to some Defendants. To establish that a defendant engaged in "unauthorized copying" of a plaintiff's copyrighted material, the plaintiff must (1) "actual copying" and (2) "material appropriation of the copyrighted work." *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018).

"In the great majority of cases, a plaintiff will lack direct evidence of copying, which may instead be shown through circumstantial evidence of access and [probative] similarity." *Id.* Access can be established in a number of ways. First, the plaintiff can prove that the defendant "actually viewed, read, or heard the work at issue" or by alleging that "the copyrighted work has been so 'widely disseminated to the public' that the defendant can be presumed to have seen it." *Walker v. Kemp*, 587 F. Supp. 3d 232, 240 (E.D. Pa. 2022). Second, the plaintiff can establish access by demonstrating that a third-party who had concurrent dealings with plaintiff and defendant had access to the copyrighted work. *Id.* at 241. And third, access may be inferred where the two works are so strikingly similar that "the possibilities of independent creation, coincidence, and prior common source are, as a practical matter, precluded.'" *Id.*; *Hofmann v. Pressman Toy Corp.*, 790 F. Supp. 498, 508 (D.N.J. 1990), *aff'd*, 947 F.2d 935 (3d Cir. 1991).

Here, Plaintiff would have the Court infer access from four facts: Plaintiff first published her paintings in 2022; Plaintiff has sold her paintings out of her physical studio in Shenzhen, China; the Defendants are also located in the People's Republic of China; and the Defendants have not

---

subject matter means original works of authorship fixed in any tangible medium of expression. Originality is a very low bar, requiring only a minimal amount of creativity. Works of authorship include . . . pictorial, graphic, and sculptural works, which are two-dimensional and three-dimensional works of fine, graphic, and applied art, [etc.]." (internal citations and quotations omitted)). In any case, the Court need not definitively resolve these issues because the Court has concluded Plaintiff has failed to adequately establish that the Court has personal jurisdiction over these three Defendants.

denied access or alleged independent creation. (ECF No. 58 at 3). If the Court is unpersuaded by this, Plaintiff also suggests that access can be inferred from striking similarity between the Defendants' products and Plaintiff's works.

The Court is skeptical that the Defendants had ready access to Plaintiff's work simply because both Plaintiff and Defendants are located in the People's Republic of China. China is a big place, and Plaintiff has offered no evidence that any Defendant has been anywhere near Shenzhen or even that Plaintiff's paintings were posted online.

This said, the Court is persuaded that some of the Defendants' products are so strikingly similar that "independent creation, coincidence, and prior common source" are practically impossible. *Walker*, 587 F. Supp. 3d at 240. The Court has conducted a side-by-side comparison of the accused products and the relevant copyrights. (*See* Appendix A). Based on this comparison, the Court concludes that Plaintiff is likely to establish access through the "striking similarity" analysis for the following Defendants: GUANHE Home essentials, TOPRenddon, IBaodan, YueJiHao, Katrer Co. Ltd, Rita's Gift Shop, Collecting Is Fun 2, Laiying Crafts, Awesome Selection - Dream back department, JT Print custom shop, Heydday, khvru, Zengyong, Chenqiufeng, Yanhecun, Tyuong, Yoland, Shangdao, NJHYcx, LWiuei, NOEGOEU, JINCHANG, iuryce, GuangZhou xiangbeiankejiyouxiangongsi, GuangZhou qianjunzhenkejiyouxiangongsi, Airuite, Slwgood, YaJaBHfuzh, https://diarywell.com/, ZHISHENGDIANZI, Pinkinahy, https://shop.allthekewtstickers.com/, https://evoosense.com/, SDLTZ, Ahua Art Deco B, Elysiumm, Huazai Decorative Art A, peng peng clothes, Interesting product, Unique People, New Vintage Studio, CHICIRIS, https://mammamiajwl.com/, https://www.threefleas.com/, https://jewelrydecorner.com/, and Chuxvif-US.

These Defendants' products replicate specific details of Plaintiff's copyrighted works (e.g., the number and shape of segments in the wings, specific lines in the wings, the shapes of the heads and the precise angles of the antennae, the color gradients in the wings), giving them away was copies of Plaintiff's copyrighted work. *See Stokes v. Brinor, Inc.*, 683 F. Supp. 3d 713 (N.D. Ohio 2023) (finding actual copying after conducting a visual comparison of the two works); *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 953 (9th Cir. 2019) (concluding that plaintiff adequately pled striking similarity notwithstanding "some minor differences" between the copyrighted and the accused designs). Accordingly, the Court concludes that Plaintiff is likely to establish that these Defendants had access to Plaintiff's works by demonstrating the striking similarity between Plaintiff's works and these Defendants' products.[13]

Given that Plaintiff has sufficiently established that Plaintiff's works and these Defendants' products are "striking similarity," Plaintiff has also sufficiently established "probative similarity" with respect to these Defendants. *See Thomson Reuters Enter. Ctr. GMBH v. Ross Intel. Inc.*, No. 1:20-CV-613-SB, 2025 WL 458520, at *5 (D. Del. Feb. 11, 2025) (Bibas, J.) (concluding that there is "probative similarity" if the defendant has produced "something similar" to plaintiff's work). Therefore, the Court concludes that Plaintiff is likely to establish actual copying as to these Defendants.

---

[13] The Court cannot reach the same conclusion with respect to the products of all other Defendants. In some instances, the Court concludes that the differences—differences in color, form, and proportion—between the Defendant's product and Plaintiff's works are too significant such that "the possibilities of independent creation, coincidence, and prior common source" are not practically precluded. *Walker*, 587 F. Supp. 3d at 240. For other Defendants, while the Court suspects that the products might be "strikingly similar," the poor quality of the images provided by Plaintiff prevented the Court from reaching this conclusion with sufficient certainty to support entry of a preliminary injunction.

In determining whether Plaintiff has adequately established the second element—"material appropriation"—the Court asks whether the works are "substantially similar." *Tanksley*, 902 F.3d at 174. Works are substantially similar if "a 'lay-observer' would believe that the copying was of protectible aspects of the copyrighted work." *Id.* In Judge Hand's words, works are substantially the same if "the ordinary observer, unless he set out to detect the disparities [in the two works], would be disposed to overlook them, and regard their aesthetic appeal as the same." *Id.* "To answer this question, the trier of fact performs a side-by-side comparison of the works and, excluding any unprotectable elements, assesses whether the two works are substantially similar." *Id.*

Given that Plaintiff has sufficiently established "striking similarity," it follows that she has also established "substantial similarity." Therefore, the Court concludes that Plaintiff has established that she is likely to succeed on the merits of her copyright claims against the following Defendants: GUANHE Home essentials, TOPRenddon, IBaodan, YueJiHao, Katrer Co. Ltd, Rita's Gift Shop, Collecting Is Fun 2, Laiying Crafts, Awesome Selection - Dream back department, JT Print custom shop, Heydday, khvru, Zengyong, Chenqiufeng, Yanhecun, Tyuong, Yoland, Shangdao, NJHYcx, LWiuei, NOEGOEU, JINCHANG, iuryce, GuangZhou xiangbeiankejiyouxiangongsi, GuangZhou qianjunzhenkejiyouxiangongsi, Airuite, Slwgood, YaJaBHfuzh, https://diarywell.com/, ZHISHENGDIANZI, Pinkinahy, https://shop.allthekewtstickers.com/, https://evoosense.com/, SDLTZ, Ahua Art Deco B, Elysiumm, Huazai Decorative Art A, peng peng clothes, Interesting product, Unique People, New Vintage Studio, CHICIRIS, https://mammamiajwl.com/, https://www.threefleas.com/, and https://jewelrydecorner.com/.[14]

---

[14] Because the Plaintiff has failed to adequately establish personal jurisdiction over the Defendants mrpaper, Mo Yan International and Zhi Jing Dians and because the Court has concluded that

### B.    Irreparable Harm

To obtain injunctive relief in copyright infringement suits, "a moving party must show that it will suffer irreparable harm that is causally attributable to the challenged infringement." *TD Bank N.A. v. Hill*, 928 F.3d 259, 280 (3d Cir. 2019). Harm is irreparable if it "cannot adequately be compensated after the fact by money damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000). "Grounds for finding irreparable injury include loss of control of reputation, loss of trade, and loss of good will." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990).

In the instant case, Plaintiff is a commercial seller of her copyrighted works. The Defendants' alleged infringing conduct is the commercial sale of inexpensive, low-quality products that knock off Plaintiff's designs. Defendants' alleged conduct not only usurps profits that rightfully belongs to Plaintiff—these "lost profits" can likely be repaired through money damages—but also tarnishes Plaintiff's reputation as a creative and as the seller of high-quality pieces. *See Fotomat Corp. v. Photo Drive-Thru, Inc.*, 425 F. Supp. 693, 711 (D.N.J. 1977) ("Plaintiff's lack of ability to control the nature and quality of services provided under an infringing service mark, even if defendant matches the high quality of plaintiff's services, constitutes irreparable injury."); *Chen v. Adediy*, No. 2:24-CV-1516, 2025 WL 624450, at *4 (W.D. Pa. Feb. 26, 2025). Accordingly, Plaintiff has established that she is likely to suffer irreparable injury in the absence of injunctive relief.

---

Plaintiff has not established that these Defendants had access to her copyrighted works, the Court need not address these Defendants' arguments about fair use or de minimis infringement.

## C.    Balance of the Equities

The Court must now "whether, and to what extent, the defendants will suffer irreparable harm if the preliminary injunction is issued." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 727 (3d Cir. 2004) (cleaned up). The Court must then compare "the parties' relative harms; that is, the potential injury to the plaintiffs without this injunction versus the potential injury to the defendant with it in place." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 143 (3d Cir. 2017). The more likely a plaintiff is to succeed on the merits, the less the balance of the equities needs to tip in her favor. *Kos*, 369 F.3d at 729.

Here, the Court concludes that the balance of the equities favor entering a preliminary injunction. As discussed above, in the absence of a preliminary injunction, Plaintiff will suffer harm in the form of lost sales and irreparable harm in the form of diminished reputation as an artist and lost goodwill as a seller. Moreover, in the absence of an injunction, Plaintiff's exclusive rights to reproduce and sell her work—rights she is guaranteed as the holder of valid U.S. copyrights— will continued to be infringed. If a preliminary injunction is entered, Defendants will be prevented from selling the alleged infringing products. To the extent that this is any harm at all, it is not irreparable, and Plaintiff has posted bond to remedy the Defendants' injuries in case they are being wrongly restrained.

Some Defendants also appear to contend that a preliminary injunction would impede their ability to operate their business. These Defendants argue that the Temporary Restraining Order has hampered their ability to meet overhead expenses and operate their businesses. (*See* ECF No. 37 at 10). The Court concludes that modifying the restraint of funds as had been part of the temporary restraining order and now applying a more limited asset restraint—equal to no greater than $1,000 per Defendant—adequately mitigates this asserted harm. Therefore, the Court

concludes that the balance of the equities weighs in favor of imposing a preliminary injunction with this more limited asset restraint.

### D.    Public Interest

Finally, the Court must consider whether the injunction is in the public interest. *Winter*, 555 U.S. at 20. The public has a strong interest in the protection of intellectual property. *Chen*, 2025 WL 624450, at *5 ("The public has an interest in the protection of intellectual property, as first recognized by the framers of the Constitution."). Defendants' alleged conduct—the reproduction of Plaintiff's work for commercial purposes—cuts at the heart of copyright protections. To deny Plaintiff of a preliminary injunction would be to deny her of the protections that copyrights afford. Accordingly, the Court concludes that entering a preliminary injunction is in the public interest. *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections.").

## III.    Conclusion

For all these reasons, the Court concludes that Plaintiff has demonstrated that they are entitled to a preliminary injunction against all the following Defendants: GUANHE Home essentials, TOPRenddon, IBaodan, YueJiHao, Katrer Co. Ltd, Rita's Gift Shop, Collecting Is Fun 2, Laiying Crafts, Awesome Selection - Dream back department, JT Print custom shop, Heydday, khvru, Zengyong, Chenqiufeng, Yanhecun, Tyuong, Yoland, Shangdao, NJHYcx, LWiuei, NOEGOEU, JINCHANG, iuryce, GuangZhou xiangbeiankejiyouxiangongsi, GuangZhou qianjunzhenkejiyouxiangongsi, Airuite, Slwgood, YaJaBHfuzh, https://diarywell.com/, ZHISHENGDIANZI, Pinkinahy, https://shop.allthekewtstickers.com/, https://evoosense.com/, SDLTZ, Ahua Art Deco B, Elysiumm, Huazai Decorative Art A, peng peng clothes, Interesting

product, Unique People, New Vintage Studio, CHICIRIS, https://mammamiajwl.com/, https://www.threefleas.com/, and https://jewelrydecorner.com/.[15]

An appropriate Order shall issue.

/s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:  April 8, 2025

---

[15] Defendant CHICIRIS also challenged this Court's authority to enter a prejudgment asset freeze against it. According to CHICIRIS, any prejudgment asset freeze must be limited to Plaintiff's equitable interest in CHICIRIS's assets (i.e., the amount Plaintiff would be able to recover from those assets through equitable remedies, like disgorgement). Since it has not made any sales of the alleged infringing products, CHICIRIS argues, there are no profits to be disgorged, so no prejudgment asset freeze can be entered against it. This Court agrees. The Court has inherent equitable authority to freeze a defendant's assets to preserve the availability of equitable remedies, *see Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 325 (1999), but assets frozen in an exercise of this authority must have a close nexus with Plaintiff's equitable claims, *see Bradley v. Amazon.com, Inc.*, No. CV 17-1587, 2021 WL 5631754, at *2 (E.D. Pa. Dec. 1, 2021). Here, Plaintiff's equitable claim against CHICIRIS's funds is disgorgement of profits. (*See* ECF No. 4 at 9-10). Accordingly, the Court may freeze funds arising from the sale of the allegedly infringing products. *See AFG Media Ltd. v. Poptrend-Off.*, No. 2:23-CV-1840, 2023 WL 9023415, at *8 n.6 (W.D. Pa. Dec. 29, 2023). But since CHICIRIS has made no sales of the alleged infringing products—or at least Plaintiff has not controverted CHICIRIS's evidence suggesting it made no sales—the Court cannot freeze any of CHICIRIS's funds. Accordingly, the asset freeze in the accompanying preliminary injunction order will not apply against it. Defendants Chuxvif-US, Oumij1, and hongculier-US raised the same objection, but the Court need not resolve their objection because Plaintiff's request for a preliminary injunction against them fails on other grounds.